```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARK O. RAMOS,

                              Plaintiff,            07-CV-6173T

             v.                                     DECISION
                                                    and ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security

                              Defendant.
_____
```

## INTRODUCTION

Plaintiff Mark O. Ramos ("Plaintiff") brings this action pursuant to the Social Security Act ("The Act") § 216(I) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits. Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") Diane C. Moskal denying his application for benefits was not supported by substantial evidence contained in the record and was contrary to applicable legal standards.

Plaintiff moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), seeking reversal of the Commissioner's ruling or, in the alternative, remand of the matter for a new hearing. The Commissioner cross-moves for judgment on the pleadings pursuant to Rule 12(c), on the grounds that ALJ Arthur's decision was supported by substantial evidence contained

in the record and was based on the correct application of appropriate legal standards. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings, and deny Plaintiff's motion for judgment on the pleadings.

## BACKGROUND

On February 27, 2004, Plaintiff, who was then 38 years old, filed an application for Disability Insurance Benefits (Tr. at 39-41). Plaintiff claimed an inability to work since October 11, 2003, due to a back impairment (Tr. at 55). Plaintiff's application was denied initially on April 27, 2004 (Tr. at 23-25), and he then filed a timely request for a hearing before an ALJ (Tr. at 28). Plaintiff appeared, with counsel (Mary Perry, attorney for claimant), in an administrative hearing before ALJ Diane C. Moskal on October 6, 2005 in Rochester, NY (Tr. at 226).

In a decision dated December 16, 2005, ALJ Moskal found that although Plaintiff's back impairment was severe, the Plaintiff was not disabled within the meaning of the Social Security Act ("the Act")(Tr. at 15-16). Plaintiff appealed that decision to the Social Security Appeals Council ("Appeals Council") on February 1, 2006 (Tr. at 9).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision on February 8, 2007 (Tr. at 5-7). On April 2, 2007, Plaintiff filed this action.

## **DISCUSSION**

### I. **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation

omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II.  **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

In finding that Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's five-step sequential evaluation analysis for evaluating applications for disability benefits. See 20 C.F.R. § 404.1520.[1] Under step one of that process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (Tr. at 15).

---

[1] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

At steps two and three of the analysis, the ALJ found that Plaintiff had a back impairment (Tr. at 15). He found this impairments to be severe within the meaning of the Regulations, but not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4., Listings 1.04 (Spinal Disorders) (Tr. at 16).

At steps four and five of the five-step evaluation process, the ALJ concluded that prior to August 20, 2002, the Plaintiff retained the residual functional capacity to perform a full range of sedentary work.[2] Based on this analysis of the Plaintiff's condition, the ALJ determined that Plaintiff was unable to return to any of his past relevant work as either a press operator or a material handler (Tr. at 23). The ALJ then turned to step five and the question of whether there was any other work in the national economy that the claimant could perform (Tr. at 18). The ALJ found that the plaintiff could fulfill the exertional requirements of a full range of sedentary work (Tr. at 18). The ALJ's decision under step five was based on direct application of Medical-Vocational Rules in accordance with the directives of SSR 83-11. In short, SSR 83-11 provides that if a plaintiff meets all (or substantially all) the exertional demands of a particular exertional level, then the ALJ may base his disability decision on

---

[2] Sedentary Work involves lifting no more than ten pounds and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a).

the vocational profile of the plaintiff under the Medical-Vocational Rules. The ALJ then found that based on the claimant's specific vocational profile and exertional limitations under direct application of Medical-Vocational Rules 201.27 and 201.28, the claimant was not disabled.

The plaintiff contends that the medical evidence in the record supports a finding of disability for the period from October 11, 2003 through the present. The Plaintiff claims that his impairments were of such severity that he was unable to perform any work that exists in the national economy. However, the ALJ found that, while limited, the Plaintiff's residual functional capacity was sufficient to allow him to perform a full range of sedentary work. The ALJ's conclusion that the Plaintiff retained a functional capacity inconsistent with a finding of disability is based on substantial evidence in the record.

A plaintiff claiming disability has "a continuing burden of showing, by means of 'medically acceptable clinical and laboratory diagnostic techniques'" that his physical and mental impairments are of such severity that he is unable to perform *any* substantial gainful activity. Matthews v. Eldridge, 424 U.S. 319, 336 (1976). It is not enough for a plaintiff to show that he is unable to perform work he has done in the past, but he must also show that he is unable to perform "any other kind of substantial gainful work which exists in the national economy." Id. In this case, the

Plaintiff did not meet this burden. Based on the evidence in the record, the ALJ correctly found that the plaintiff did not meet this burden for the claimed period of disability beginning on October 11, 2003.

In making his finding, the ALJ carefully considered the Plaintiff's medical evidence contained in the record (Tr. at 15-17). In January, 2004, Dr. Binod Shah reported that Plaintiff's gait was normal, had "full range of motion in the lumbosacral spine with end range motion painful," and normal strength (Tr. at 121). In April 2004, Dr. Sandra Boehlert saw the Plaintiff and reported that he was in no acute distress, he had a normal gait, he could walk on heels and toes without difficulty and he could perform a full squat (Tr. at 126-29). In her opinion, the Plaintiff had "mild to moderate limitation in *heavy exertion* (emphasis added) of pushing, pulling and bending (Tr. at 128)." At a physical therapy appointment in September of 2004, the Plaintiff reported "stiffness" in his lower back, and "minimal complaints of pain (Tr. at 138)." A "Functional Capacity Evaluation" done by an occupational therapist in October 2004, reveals that the plaintiff was "currently functioning within the [DOL's] Medium work classification" based on his detailed evaluation (Tr. at 198-203).

In January 2005, the Plaintiff reported to Dr. Ketul Patel that "his pain is very well controlled, at most 3/10 (Tr. at

145)." In March of 2005, Dr. Donovan Holder diagnosed Plaintiff as only partially disabled, and stated that the Plaintiff would benefit from VESID training for sedentary work (Tr. at 183). One would assume that such a recommendation would stem from a doctor's approximation that a patient can work at such a level. Also, a doctor's finding of partial disability is not inconsistent with an ALJ"s finding on non-disability. Vergino v. Apfel, No. 97 CV 456, 1998 WL 743706 at 7-8 (N.D.N.Y. Oct. 23, 1998).

In June of 2005, Dr. William Kingston found the Plaintiff to have normal strength and reflexes, and stated that the Plaintiff reported no weakness (Tr. at 171-72). Also in June 2005, Dr. Elias Nicolas found that the Plaintiff was limited to a 20 pound lifting restriction, and was not a candidate for surgery because the injury was not of sufficient severity, instead recommending continued treatment through medication and physical therapy (Tr. at 209-10).

The plaintiff's testimony regarding his own activities of daily living reinforce the ALJ's decision. He admits mowing his own lawn, taking care of personal needs, doing household chores, drives a car regularly, goes outside each day, uses a computer regularly and can lift ten pounds despite pain (Tr. at 70-73). The Plaintiff's own admission of such activity is inconsistent with a finding of disability, and supports the ALJ's decision.

This evidence, considered with the remainder of the record, supports the ALJ's decision. While it is clear that the Plaintiff's back impairment was indeed severe, it was not of sufficient severity so as to preclude him from participating in any substantial gainful activity. The ALJ correctly concluded that the Plaintiff was unable to return to his past relevant work as a press operator or material handler, jobs which are classified as medium to heavy skilled work. In light of the claimant's inability to perform his past relevant work, the ALJ was required to assess the Plaintiff's residual functional capacity of the Plaintiff and determine whether there existed jobs for which that capacity would make him eligible. The ALJ correctly made this analysis by finding that the Plaintiff retained the residual functional for an exertional level consistent with sedentary work.

The ALJ's assessment that the Plaintiff remained functionally capable of performing a full range of sedentary work is supported by substantial evidence in the record.

A.  The ALJ properly applied the treating physician rule in making his decision.

The plaintiff contends that the ALJ failed to give sufficient weight to the opinions of the Plaintiff's treating physicians, Drs. Hur and Holder. The Second Circuit authority grants controlling weight to the opinion of a treating physician. Clark v. Commissioner of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). Indeed, courts in this circuit require that an ALJ provide

explanations, or "good reasons," when choosing to discount the opinion of a treating physician.  See Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998); see Vales v. Apfel, No. 99-CV-3298 (JG), 2000 WL 863462, at *5, 2000 U.S. Dist. LEXIS 8209, at *18, (E.D.N.Y. June 13, 2000).  An ALJ must consider the following factors in determining whether a treating physician's opinion is to be given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors."  Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998) (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).

    The ALJ recognized Drs. Hur and Holder as treating sources in her decision (Tr. at 17).  On different occasions, both of these treating sources stated that the Plaintiff is disabled (Tr. at 183-185).  As an initial matter, the Social Security regulations reserve the ultimate of the claimant's disability to rest solely with the Commissioner. 20 C.F.R. § 404.1527(e).  The ALJ did not agree with the physician's assessments, and as required gave good reasons for discounting them.  The ALJ found that the bulk of the evidence in the record did not support their opinions, and moreover Drs. Hur and Holder's own treatment notes indicated that the plaintiff was not disabled (Tr. at 17).

Both physicians performed medical assessments regarding the Plaintiff's functional work capacity. The report of Dr. Holder expresses some significant limitations, but he also reveals that the plaintiff can stand or walk for up to 2 hours of an 8-hour work day, sit for up to 6 hours in an 8-hour work day, and that his abilities to reach, handle, feel, push, pull, see, hear and speak were not affected by his impairment (Tr. at 173-76). Dr. Holder's notes also indicate that he thought the plaintiff was only partially disabled, and "would benefit from VESID training for sedentary work (Tr. at 183)." Dr. Hur's notes also reveal that plaintiff is able to stand for 3 hours per work day and only showed physical function limitation in pushing and pulling as a result of his impairment (Tr. at 185-88).

While both Drs. Hur and Holder opined that the plaintiff was disabled, their opinions in this regard are not consistent with other medical evidence in the record and their own treatment notes. The ALJ properly discounted the statements of these doctors in light of the total weight of the medical evidence in the record, and in doing so  The ALJ also gave sufficient explanation of her reasons for doing so.

    B.   <u>The ALJ properly discounted the Plaintiff's subjective complaints.</u>

Plaintiff argues that the ALJ improperly discredited the plaintiff's credibility. The statements of an individual claiming disability must be carefully considered to the extent that they

are consistent with the objective medical evidence in the record. Social Security Ruling 96-7p. However, the ALJ is not obligated to accept the plaintiff's subjective testimony regarding his impairments to the extent the testimony is inconsistent with the medical evidence in the record. Kendall v. Apfel, 15 F. Supp. 2d 262, 267 (E.D.N.Y. 1998). The ALJ properly found that the objective medical evidence in the record did not support the level of difficulty and disability claimed by the Plaintiff (Tr. at 16).

In his decision, the ALJ stated "that although claimant has back pain, his complaints appear to be out of proportion to the physical findings and treatment of record" and that "the claimant's statements concerning the intensity, duration and limiting effects of his symptoms are not entirely credible (Tr. at 16)." It is clear from the evidence in the record that this finding is accurate and supported by substantial evidence.

It is also clear that the objective medical evidence in the record does not support a finding of disability, as claimed by the plaintiff. Furthermore, the Plaintiff's back impairment does not restrict his activities of daily living, and therefore are inconsistent with the level of difficulty claimed by the plaintiff. He drives occasionally, mows his own lawn, can lift up to ten pounds and cleans at home (Tr. at 16, 240-42). While the Plaintiff does these activities on a limited basis, they are

nonetheless inconsistent with a finding of disability and an inability to do sedentary work.

The Plaintiff's testimony regarding his own lifestyle, the Plaintiff's medical records and his own admissions as to the true extent of his impairments support the ALJ's conclusion that his subjective claims of disability were not fully credible. The ALJ properly evaluated Plaintiff's testimony in light of the evidence in the record, and her decision discrediting Plaintiff's subjective testimony was supported by substantial evidence in the record.

The court does not dispute the severity of the Plaintiff's back impairment during this period, but the Plaintiff has not met his burden of proving that these impairments prevented him from engaging in *any* substantial gainful activity during the period in dispute. In fact, the medical evidence reveals that the Plaintiff is functionally capable of performing the full range of sedentary exertional work, and accordingly is not disabled within the meaning of The Act.

The ALJ properly concluded, based on the evidentiary record in its entirety, that the claimant retained a residual functional capacity sufficient to perform the functional demands of a limited range of light and sedentary exertional work during the claimed period prior to August 20, 2002, and therefore was not disabled within the meaning of the Act.

CONCLUSION

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                              S/Michael A. Telesca

                           _____
                             MICHAEL A. TELESCA
                        United States District Judge

Dated:   Rochester, New York
        January 16, 2008